**Ernest Clifford X. (Lucas), Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 9567.**

United States Court of Appeals Tenth Circuit.

Dec. 4, 1967.

Ernest Clifford X. (Lucas) submitted a brief pro se.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

LEWIS, Circuit Judge.

By petition filed in the District Court for the District of Kansas in August 1964, appellant sought injunctive relief against appellee as Warden of the United States Penitentiary at Leavenworth asserting that the administrative rules and practices then in effect at the penitentiary were such as to amount to persecution of Black Muslims and that appellant, an inmate adhering to that faith, was being denied his rights to freedom of religion guaranteed to all by the Constitution. Similar or identical petitions were filed by other inmates. After considerable procedural delay in application of the discovery process and through appellant's dismissal of the action and the granting of a subsequent motion to reinstate it, trial of the issues began on November 23, 1965, at Leavenworth. Be-

fore all witnesses were heard the trial was recessed and when it was resumed the defendant Warden had issued and effectuated Policy Statement No. L 7001.1 Revised, as follows:

"SUBJECT: BLACK MUSLIMS

1. POLICY. It is the policy of this institution that groups of inmates professing belief in any faith be provided a place to meet. It is further the policy of this institution that groups of inmates meeting for any purpose whatsoever be supervised.

2. PURPOSE. This issuance authorizes meetings of inmates professing to be Black Muslims or followers of the nation of Islam and outlines the conditions under which such meetings are authorized.

3. EFFECTIVE DATE. Group meetings are authorized immediately.

4. CONDITIONS. This authorization for Black Muslims to hold meetings regularly, scheduled and supervised, is subject to the following conditions:

a. The meetings will be open to all inmates who wish to attend.

b. The meetings will be held in the Conference Room as scheduled below:

6:00–8:00 p. m. on the 2nd and 4th Friday of each month.

The operating lieutenant is authorized to move to more spacious quarters if the Conference Room proves inadequate.

c. No other meetings are authorized nor will they be scheduled without prior approval from this office.

d. Meetings on the yard in which karate or group calisthenics are performed are prohibited.

e. The preaching of racial hatred or subjecting any race or religion to ridicule is prohibited.

f. Any newspaper clippings or other news media which contain material of an inflammatory nature are not permitted as texts. This refers specifically to such clippings and publications as 'Elijah Muhammed Speaks'.

5. SPECIAL. Special authorizations concurrent with this policy statement are as follows:

a. Any edition or printing of the Koran or Holy Quoran is authorized for purchase. Also 'The message to the Black Man in America' is authorized for purchase.

b. The current Black Muslim minister, locally Minister Clyde, is authorized to enter the institution to lead and instruct the Black Muslims. Minister Clyde will be accompanied by Mr. Bennie.

c. All inmates professing to be Black Muslims will be permitted to mail special purpose letters to Minister Clyde.

6. CANCELLATION. This Policy Statement L 7001.1—Revised cancels Policy Statement L 7001.1, dated 1–12–66 and is substituted therefor.

/s/  J. T. Willingham
J. T. Willingham
Warden"

Thereafter the trial court entertained and granted a motion to dismiss for mootness because the intervening event precluded or made unnecessary the granting of effectual injunctive relief. This appeal followed.

■ Two contentions raised by appellant in his pro se brief seem worthy of note. First, he points out that the claims he makes are constitutional in origin and as such are not subject to the expediency of administrative policy making. We agree that appellant's First Amendment right of freedom to believe is indeed a right that is not subject to the discretion or element of grace inherent in policy making. However, it does not follow, as appellant argues, that he has an absolute right to a judicial decree based on conditions existing at the time of his original petition. An administrative compliance to appellant's rightful demands does render unnecessary a judicial determination of those rights and an enforcement of them through judicial process. And we are satisfied, as was the trial court, that Policy Statement No. L 7001.1 Revised, contains no limitation that is unconstitutional upon its face and that its issuance was a proper method of recognizing and according rights to Muslims.

■ Also, and with considerable emphasis, appellant argues, in effect, that the administration of the rights purportedly expressed in the subject Policy Statement amount to sham and that the Warden is continuing to ignore and disregard the rights of Muslims. In making this contention appellant again correctly recognizes a fundamental—that an administrative rule can grant a constitutional right but deny it by method of administration. Such a contention raises the complexities inherent in the balancing of the right to believe a religion and the right to practice it in all its differing aspects within the confines of a prison. The judgment of the court below does not adjudicate this claim, nor in the posture of the case then existent was it required to. Nor do we express any opinion in regard thereto.

Affirmed.